This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 34,267**

**AMY JONES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}    Defendant Amy Jones filed a docketing statement, appealing from the district court's affirmance of her convictions by bench trial for driving while under the influence of intoxicating liquor (first offense), contrary to NMSA 1978, § 66-8-102 (2010), and stop sign violation, contrary to NMSA 1978, § 66-7-330 (1978). [DS 1; RP 3, 12, 14] In this Court's notice of proposed disposition, we proposed to adopt the memorandum opinion of the district court and affirm. [CN 2–3] After extension granted, Defendant timely filed a memorandum in opposition (MIO). We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm Defendant's convictions.

{2}    As a prefatory matter, we note that a party responding to a proposed disposition of this Court must point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In response to this Court's calendar notice, counsel has provided nine pages describing the facts and proceedings. [MIO 3-11] The fact section in the memorandum in opposition is essentially a verbatim reiteration of the fact section from Defendant's docketing statement. [*See* DS 3-12] Counsel has not pointed out whether any of the facts asserted are contrary to those relied on by this Court in our notice of proposed disposition and, in fact, noted

in a footnote that the facts were obtained from the docketing statement except where specifically noted, with no specific notation indicating that any of the facts were indeed taken from elsewhere. [*See* MIO 3 n.3] Although we appreciate the footnote, this repetition of material that has already been presented to the Court, with no indication as to which parts, if any, contradict the facts relied upon by the district court or this Court or which parts, if any, are responsive to the notice of proposed disposition, is not useful and creates unnecessary work for both this Court and the parties. We request that counsel refrain from this practice in any future pleadings she may file with this Court.

{3}     In her memorandum in opposition, Defendant continues to assert the same arguments that she raised in her docketing statement: (A) that Defendant was entitled to a jury trial because a DWI offense is a serious offense, and (B) that there was insufficient evidence to convict Defendant in light of the complications presented by Defendant's hypoglycemia, her recent use of her inhaler, and the tenderness of her ankle. [MIO 12-14]  Defendant has not raised any issues or arguments that were not addressed in our notice of proposed disposition and the district court's memorandum opinion that we proposed to adopt; we therefore refer Defendant to our notice of proposed disposition and to the district court's memorandum opinion, which we now adopt. [*See* CN 2-4; RP 195] *See Hennessy*, 1998-NMCA-036, ¶ 24 ("Our courts have

repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{4}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, and for the reasons articulated in the memorandum opinion of the district court, we affirm Defendant's convictions.

{5}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**